**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1820

XUE ZHU LIN,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Stahl, and Lipez, Circuit Judges.

Vlad Kuzmin and Kuzmin & Associates, P.C. on brief for petitioner.
Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Stuart F. Delery, Assistant Attorney General, and Anh-Thu P. Mai-Windle, Senior Litigation Counsel, on brief for respondent.

July 15, 2014

**Per Curiam**.  Petitioner Xue Zhu Lin applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1231(b)(3), and for protection pursuant to the Convention Against Torture ("CAT").  The Immigration Judge ("IJ") denied his application, and the Board of Immigration Appeals ("BIA") affirmed.  For the following reasons, we deny Lin's petition for review of the BIA's decision.

## I.  BACKGROUND

Lin is a native and citizen of the People's Republic of China.  In September 2009, a friend introduced Lin to Christianity to help him cope with depression arising from an incident five years earlier, when Chinese officials fined him and forcibly sterilized his wife after she gave birth to their second child. Lin and his eleven-year-old daughter joined an underground Protestant church and volunteered to distribute religious leaflets.

Law enforcement officials warned Lin on at least two occasions to stop passing out the pamphlets.  Lin changed his location to avoid further contact with the officers, but continued to distribute the pamphlets.  On December 15, 2009, officers arrested Lin and his daughter.  They interrogated Lin in front of his daughter and knocked him to the ground and kicked him while she watched.  The officers scolded Lin's daughter for "believing such cult idea[s]."  They detained Lin and his daughter overnight, releasing them upon payment of a fine.  Thereafter, Lin continued

attending underground religious services.  He left the country with the assistance of a smuggler around January 6, 2010.

On April 1, 2010, Lin entered the United States without admission or inspection.  When immigration officials intercepted him in Florence, Arizona, he expressed a fear of returning to China.  An asylum officer interviewed him on April 19, 2010, and found his fear of harm sufficiently credible to refer him to an Immigration Judge for a full hearing.  At the same time, the Department of Homeland Security issued Lin a Notice to Appear, charging him with inadmissibility under the INA.

Lin admitted the allegations in the Notice to Appear and conceded removability.  He filed an application for asylum on August 4, 2010.  On September 15, 2010, after two changes of venue, Lin appeared before the IJ in Massachusetts.  He renewed his application for asylum and further sought withholding of removal and CAT protection.  The IJ found him removable as charged and denied his applications.  The BIA upheld the IJ's denial and this petition followed.

## II.  ANALYSIS

"Because the BIA's decision affirmed the IJ's decision and added its own analysis, we review both."  Sunarto Ang v. Holder, 723 F.3d 6, 10 (1st Cir. 2013).  We review the BIA's and IJ's factual determinations under the "substantial evidence" standard, "reversing only if a reasonable adjudicator would be

compelled to conclude to the contrary." Id. (internal quotation marks omitted).  As we have previously observed, "[t]his is not a petitioner-friendly standard of review; a reversal is appropriate only when the record evidence points unerringly to a conclusion different from that reached by the BIA." Xian Tong Dong v. Holder, 696 F.3d 121, 125 (1st Cir. 2012) (internal quotation marks omitted).

An alien can establish eligibility for asylum either by proving past persecution, which gives rise to an inference of future persecution, or by establishing a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. Sunarto Ang, 723 F.3d at 10; Sugiarto v. Holder, 586 F.3d 90, 94 (1st Cir. 2009).  In order to prove past persecution, an alien must provide "evidence of experiences surpassing unpleasantness, harassment, and even basic suffering." Sunarto Ang, 723 F.3d at 11 (internal quotation marks omitted).  Here, the BIA and IJ concluded that Lin's ordeal did not rise to the level of persecution under our case law.

The mistreatment that Lin endured was by no means trivial, but under even more extreme circumstances this court has refused to see persecution where the BIA found none. See, e.g., Khan v. Mukasey, 549 F.3d 573, 575–77 (1st Cir. 2008) (finding no persecution where the petitioner was imprisoned for ten days,

beaten with wooden sticks, and shocked with electrical wires); Nelson v. I.N.S., 232 F.3d 258, 264 (1st Cir. 2000) (finding no persecution where the petitioner suffered three periods of solitary confinement accompanied by physical abuse and subsequent surveillance, threats, and harassment). On appeal, Lin argues that the BIA and IJ erred by failing to take into account the context of the incident; specifically, the "psychological trauma, humiliation and fear" caused by the fact that his daughter was present. The government claims that this argument fails because Lin presents it here for the first time.

Regardless of any exhaustion issues, Lin has not overcome the extremely deferential standard with which we review BIA and IJ determinations. He does not point to any evidence in the record of psychological suffering above and beyond what we can infer from the circumstances, and even accounting for the presence of his daughter, there is no reason to infer that Lin's psychological trauma was any greater than that of the petitioners in Khan or Nelson. See Attia v. Gonzalez, 477 F.3d 21, 23-24 (1st Cir. 2007) (finding isolated incidents of violence, including being beaten in front of his children, insufficient to sustain petitioner's claim of past persecution); cf. Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 124 (1st Cir. 2005) (explaining that the effect of watching his father be beaten as a young child, although traumatic, did not amount to persecution). In short, the evidence does not point

-5-

"unerringly to a conclusion different from that reached by the BIA." Xian Tong Dong, 696 F.3d at 125.

Without a finding of past persecution, we do not apply the presumption that Lin has a well-founded fear of future persecution. See Sunarto Ang, 723 F.3d at 10. But Lin can still establish a well-founded fear of future persecution by proving "that his fear is both subjectively genuine and objectively reasonable, meaning that a reasonable person in the applicant's circumstances would fear persecution." Id. at 10-11. The IJ's analysis focused on the objective component. It relied on State Department reports on religious freedom in China explaining that while persecution of religious groups does occur, it varies greatly depending on location, and "[m]ost Christian groups, the majority of which are [not officially recognized or sanctioned], no longer operate[] in strict secrecy." [Add. at 7] On this basis, the IJ rejected the conclusion that "merely being Christian in China or belonging to [an underground] church necessarily gives rise to a well-founded fear of persecution on an objective basis." [Id.] The BIA adopted the IJ's reasoning in affirming its conclusion on this point.

On appeal, Lin disputes the IJ's reading of the State Department reports. We have explained, however, that in order to establish a well-founded fear of future persecution, a petitioner must offer "specific, direct, and credible evidence relative to the

petitioner's own situation." Xian Tong Dong, 696 F.3d at 126 (alteration omitted) (internal quotation mark omitted). Here, Lin merely offers a different reading of reports describing generalized conditions of uneven persecution. Standing alone, this argument does not point to evidence that would compel a reasonable adjudicator to reach a conclusion contrary to the IJ's. See Sunarto Ang, 723 F.3d at 10.

In sum, Lin is unable to establish either past persecution or a well-founded fear of future persecution. Thus, we deny his petition for review of the BIA's denial of his application. Having failed to meet his burden to prevail on a petition for asylum, Lin cannot meet the more stringent standard required for a withholding of removal. See Sompotan v. Mukasey, 533 F.3d 63, 68 (1st Cir. 2008) ("[A] withholding case is analyzed in the same way 'persecution' is analyzed in asylum cases. A petitioner's burden in a withholding case is, however, more stringent; petitioners must show a 'clear probability' that they were or will be persecuted." (citation omitted)).

Lin's petition for protection under the CAT fares no better. To obtain relief under the CAT, Lin must offer "specific objective evidence" establishing "that it is more likely that not that he will be tortured if he is returned" to China. Romilus v. Ashcroft, 385 F.3d 1, 8 (1st Cir. 2004) (emphasis omitted) (internal quotation marks omitted). Here, Lin offers a State

Department report from 1998 describing a practice of detaining Chinese citizens who left the country without permission in forced labor camps upon their reentry. This report describing a general state of affairs sixteen years ago tells us nothing specific about Lin's situation in 2014. Accordingly, we affirm the BIA's denial of relief under the CAT.

### III.  CONCLUSION

For the foregoing reasons, we **DENY** Lin's petition for review.