# United States Court of Appeals
## For the First Circuit

No. 15-2158

CHEN QIN,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Thompson,
Circuit Judges.

Gerald Karikari and Karikari & Associates, P.C. on brief for petitioner.
Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Shelley R. Goad, Assistant Director.

August 10, 2016

**LYNCH**, **Circuit Judge**. Chen Qin is a native and citizen of the People's Republic of China ("China") who entered the United States without permission in October 2011. She petitions for review of the Board of Immigration Appeals's ("BIA") decision to dismiss her appeal of the immigration judge's ("IJ") denial of her application for asylum and withholding of removal. She argues that the BIA erred in upholding the IJ's finding that she had not demonstrated an objectively well-founded fear of future persecution as a Christian in China, due to her prior attendance at an underground Christian church. We deny the petition.

I.

We describe the record evidence in Chen's application for asylum. Chen, who was born in 1985 in Pandu Township, Lianjian County, Fujian Province, China, testified that she began practicing as a Christian under the influence of her mother and was baptized as a Protestant in December 2005. She testified that the Chinese government began to "crack[] down" on Protestants at some point after her baptism, such that her congregation sometimes met in secret. She said her mother reported to her that on September 15, 2011, the police visited her mother's house while Chen was working elsewhere and told her mother that members of the congregation had been arrested, that one of these members had informed the police of Chen's membership, and that the police were searching for Chen. Her mother urged her to travel from her

mother's house to her older brother's house, some twenty hours away by car, and stay there for the time being. She did so.

Chen testified that more than ten days later, the police visited her brother, who then told her that she had "better leave quick." In later contradictory testimony, she said that the police did not actually visit her brother's home or place of work, but rather that her mother called her brother to warn him that the police were "just about to visit" his house. After the incident, Chen was smuggled out of China. A letter from her mother included in the administrative record asserts that "the Chinese police have not given up [on] arresting [Chen]," and that her mother no longer attends church services out of fear for her own safety.

Chen entered the United States through or near Laredo, Texas, on October 26, 2011, and was apprehended by the United States Customs and Border Protection in Laredo on November 3, 2011. She was served with a Notice To Appear dated December 15, 2011. She conceded removability and submitted an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found that she was not a credible witness, and that she had not corroborated her testimony. He further found that she had failed to show past persecution and that, even "[a]ccepting as true [her] testimony that she is a practicing Christian," she had not demonstrated an objectively well-founded

fear of future persecution, and denied Chen's application. The IJ

explained:

> The Department of State's International
> Religious Freedom Report[] for China indicates
> that in some regions in China, the government
> was unlikely to disturb individuals' religious
> practice, and permitted unregistered churches
> to exist and operate freely. . . .
> Specifically, the Report states that, in some
> areas of China, unregistered house churches
> operated openly and with the tacit approval of
> local authorities. . . . Therefore, even if
> the Court were to assume (without deciding)
> that the Respondent is a Christian and would
> join an unregistered church in China, there
> are areas where she can practice her religion
> freely without being persecuted. In fact, the
> Respondent already relocated to her brother's
> house, twenty hours from her mother's house,
> indicating that relocation would be reasonable
> for her. 8 C.F.R. § 1208.13(b)(2)(ii), (3).

The BIA dismissed Chen's appeal. It declined to pass

judgment on the IJ's credibility determination, and instead held

that even if Chen were credible, she had not demonstrated a well-

founded fear of persecution, rendering her ineligible for asylum

or withholding of removal. It held:

> In particular, the Immigration Judge properly
> relied on the Department of State report[] on
> religious freedom in China which show[s] that,
> while persecution of religious groups does
> occur, it varies greatly depending on
> location, and "in some areas, . . .
> unregistered house churches operate[] openly
> and with the tacit approval of local
> authorities" . . . . See, e.g., Xue Zhu Lin
> v. Holder, 570 F. App'x 4, 7 (1st Cir. 2014)
> (affirming Board's denial of asylum to Chinese
> Christian where analysis focused on the
> objective component and State Department

- 4 -

reports on religious freedom in China explaining that while persecution of religious groups does occur, it varies greatly depending on location, and "[m]ost Christian groups, the majority of which are [not officially recognized or sanctioned], no longer operate[] in strict secrecy[]"); Hong Chen v. Holder, 558 F. App'x 11 (1st Cir. 2014) (affirming Board's determination in denying application for asylum, that alien did not have well-founded fear of religiously-based persecution if she were removed to China, given State Department reports indicating that there were many areas of China where she could openly practice Christianity). None of the arguments raised by the respondent on appeal would cause us to otherwise disturb the Immigration Judge's decision in this regard.

Chen then filed this timely petition for review of the BIA's dismissal of her appeal.[1]

II.

We "review[] the BIA's decision as well as any portions of the IJ's opinion adopted by the BIA." Peña-Beltre v. Holder, 622 F.3d 57, 61 (1st Cir. 2010). We conduct our review of the BIA's factual determination of an applicant's eligibility for asylum under the substantial evidence standard, which instructs us to affirm the BIA "so long as its decision is supported by substantial evidence in the record." Topalli v. Gonzales, 417 F.3d 128, 131 (1st Cir. 2005) (quoting Rodriguez-Ramirez v.

---

[1] Chen has not challenged the IJ's finding that she did not suffer past persecution, or his denial of her application for protection under the CAT, and thus has waived those issues. See Mediouni v. INS, 314 F.3d 24, 28 n.5 (1st Cir. 2002).

Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005)); see also Yu v. Gonzales, 502 F.3d 17, 19 (1st Cir. 2007). The standard is deferential: "[U]nless any reasonable adjudicator would be compelled to conclude to the contrary," we must affirm the BIA's determination. 8 U.S.C. § 1252(b)(4)(B); Topalli, 417 F.3d at 131.

Chen bears the burden of establishing her refugee status. 8 C.F.R. § 1208.13(a). She may do so by demonstrating that she is "unwilling to return to [China] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Because Chen did not dispute the IJ's determination that she has not suffered past persecution, we limit our consideration to whether the evidence compels us to overturn the BIA's holding that she has failed to demonstrate an objectively reasonable well-founded fear of future persecution. And because she has not demonstrated that she has suffered past persecution, she "is not entitled to the rebuttable presumption that [her] fear of future persecution is well-founded." Anacassus v. Holder, 602 F.3d 14, 21 (1st Cir. 2010); see also 8 C.F.R. § 208.13(b)(1).

Normally, we analyze both the "subjective and objective components" of a well-founded fear claim: "[T]he asylum applicant's fear must be both genuine and objectively reasonable."

- 6 -

Aguilar-Solis v. INS, 168 F.3d 565, 572 (1st Cir. 1999). We agree with the BIA, however, that focusing on the objective prong disposes of Chen's claim. Chen can show an objectively reasonable well-founded fear if (1) she demonstrates that she likely will be singled out for persecution and cannot avoid that persecution by relocating within China, or (2) she demonstrates that there is a "pattern or practice" of persecution in China against a group to which she belongs, or which is "similarly situated" to her. 8 C.F.R. § 1208.13(b)(2). Her arguments must present "specific, direct, and credible evidence relative to [her] own situation." Xian Tong Dong v. Holder, 696 F.3d 121, 126 (1st Cir. 2012) (citation omitted).

III.

Chen's petition argues first that the IJ's adverse credibility finding is clearly erroneous. Since the BIA did not rely on that ground, this argument is beside the point. Her second argument is that the finding of no well-founded fear of future persecution is clearly erroneous because the BIA failed to review completely the State Department Religious Freedom Report, and the Report would compel a different outcome.

Chen also argues that the BIA erred because, as her mother asserts, the Chinese police continue to seek her. At most, Chen alleges a risk of detention or arrest without more. "Establishing persecution requires evidence of experiences

- 7 -

surpassing unpleasantness, harassment, and even basic suffering." Sunarto Ang v. Holder, 723 F.3d 6, 11 (1st Cir. 2013) (quoting Kho v. Keisler, 505 F.3d 50, 57 (1st Cir. 2007)). "The severity, duration, and frequency of physical abuse are factors relevant to this determination, as is whether harm is systematic rather than reflective of a series of isolated incidents." Thapaliya v. Holder, 750 F.3d 56, 59 (1st Cir. 2014) (quoting Barsoum v. Holder, 617 F.3d 73, 79 (1st Cir. 2010)).

The treatment Chen claims she will face in China, even assuming it is likely to occur, is not sufficient to substantiate her well-founded fear claim. Though Congress has not clearly defined persecution, "we view persecution as encompassing not only death and imprisonment, but [also] 'the well-founded fear of non-lifethreatening violence and physical abuse.'" Marquez v. INS, 105 F.3d 374, 379 (7th Cir. 1997) (citation omitted) (quoting Balazoski v. INS, 932 F.2d 638, 642 (7th Cir. 1991)); see also Chávez-Oliva v. Gonzáles, 190 F. App'x 6, 10 (1st Cir. 2006) (noting that "[t]he harm suffered by the individual must be more than mere annoyance or harassment, but may be less than a total deprivation of freedom or life"). Our precedents have upheld the BIA when it has determined that circumstances more dire than the ones Chen alleges she will face in China do not rise to the level of persecution, because the mistreatment was reflective of an isolated incident or did not constitute a systematic harm. See, e.g., Thapaliya, 750

F.3d at 59-60 (single beating by Maoist rebels, accompanied by possible death threat, does not compel finding of persecution); Xue Zhu Lin v. Holder, 570 F. App'x 4, 5, 6-7 (1st Cir. 2014) (per curiam) (arrest, interrogation, and physical abuse of petitioner in front of daughter not persecution); Khan v. Mukasey, 549 F.3d 573, 574-75, 576-77 (1st Cir. 2008) (beating with sticks and shocking with electrical wires by police during ten-day imprisonment not persecution); Topalli, 417 F.3d at 129, 132 (seven brief arrests over a three-year period, during which petitioner was beaten in a manner not requiring medical attention, not persecution).[2]

And Chen's mother, though she claims not to attend services out of safety concerns, has remained unharmed as a Christian in China. The BIA was entitled to affirm the IJ's finding that this instance of a similarly-situated family member living in relative peace in Chen's country of origin undermined Chen's well-founded fear claim. See, e.g., Vasili v. Holder, 732 F.3d 83, 91 (1st Cir. 2013) (holding that "where the record does

---

[2] Chen also points to letters from her family and friends to corroborate her claim that she will suffer persecution upon return to China, including one from Lin Yun Geng, a friend in her congregation who asserts she was beaten and detained for a month. The BIA was not compelled to decide that Lin Yun Geng was similarly situated to Chen, that what Ling Yun Geng underwent was persecution, see Sunarto Ang, 723 F.3d at 11, or that Lin Yun Geng's letter was enough to demonstrate that Chen faces a likelihood of persecution.

not provide[] a satisfactory differentiation between a petitioner and similarly-situated family members, the lack of harm to remaining family members is a factor that is entitled to weight in the decisional calculus." (citations omitted) (internal quotation marks omitted)); Khan v. Holder, 727 F.3d 1, 9 (1st Cir. 2013). And as the IJ noted, Chen's own movement to her brother's house demonstrates that she can relocate safely.  See 8 C.F.R. §§ 1208.13(b)(2)(ii), (3).

Chen argues at greater length that the State Department Report supports her well-founded fear claim and that governmental actions against Christians in China constitute a "pattern or practice" of persecution.  She takes issue with the BIA's reliance on the State Department's assertion that "while persecution of religious groups does occur, it varies greatly depending on location, and 'in some areas, . . . unregistered house churches operate[] openly and with the tacit approval of local authorities.'"  As she notes, the same State Department Report emphasizes that the Chinese government imposes significant restrictions on its citizens' freedom of worship.

We have denied petitions for review of the BIA's decisions based on similar language from State Department reports on religious freedom and human rights in China.  See, e.g., Xue Zhu Lin, 570 F. App'x at 7; Hong Chen v. Holder, 558 F. App'x 11, 16 (1st Cir. 2014); Xian Tong Dong, 696 F.3d at 126–27; Zheng v.

Gonzales, 416 F.3d 97, 101 (1st Cir. 2005). The evidence Chen cites from the State Department report is not enough to establish a pattern or practice of persecution. Nor is it sufficiently related to her own situation to be persuasive. See Xian Tong Dong, 696 F.3d at 126-27 (reaffirming the general principle that a petitioner's reliance on State Department reports to prove a fear of persecution is not sufficiently specific). The BIA's conclusion that Chen would not be persecuted for her faith upon return to China was not unreasonable, and its decision to affirm the IJ's denial of her asylum application was supported by substantial evidence.

Because Chen's asylum claim fails, her claim under the more stringent test for withholding removal "necessarily fail[s]" as well. Singh v. Mukasey, 543 F.3d 1, 7 (1st Cir. 2008).

IV.

The petition is denied.